**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 04-4987

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES EARL MCCABE, JR.,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Malcolm J. Howard, District Judge.  (CR-03-62)

---

Submitted:  May 11, 2005              Decided:  May 26, 2005

---

Before WILLIAMS and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen Clayton Gordon, Assistant Federal Public Defender, Jane E. Pearce, Research and Writing Attorney, Raleigh, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Earl McCabe, Jr., pled guilty to possession of a firearm after conviction of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000). McCabe was sentenced to eighty-four months' imprisonment to be followed by three years of supervised release. The district court also specified an alternative sentence of six years' imprisonment pursuant to this court's recommendation in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), opinion issued by 381 F.3d 316, 353-54 (4th Cir. 2004) (en banc), cert. granted and judgment vacated, 125 S. Ct. 1051 (2005). McCabe appealed, challenging only his sentence.

The Government now moves for remand of this case to the district court for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005). McCabe does not oppose a remand for the purpose of resentencing. Because the district court applied the Guidelines as mandatory in sentencing McCabe, and because McCabe objected in the district court, the Government's motion is well taken.* Accordingly, although we affirm McCabe's conviction, we grant the Government's motion to remand to allow the district

---

*Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of McCabe's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

court to reconsider McCabe's sentence in light of the <u>Booker</u> decision. Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005) (applying <u>Booker</u> on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u> If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>
